IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMENA WILLIAMS                                                                                            PLAINTIFF

v.                                         Civil No. 4:19-cv-4092

LINDSEY MANAGEMENT, *at al*                                                                  DEFENDANTS


**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant Matthew Golden, (ECF No. 6), The Links of Texarkana, (ECF No. 7), and Lindsey Management (ECF No. 8) Motions To Dismiss. Plaintiff has not filed a response to these motions. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred these motions to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendant Matthew Golden, (ECF No. 6), The Links of Texarkana, (ECF No. 7), and Lindsey Management (ECF No. 8) Motions To Dismiss be **GRANTED.**

**1. Background**

On August 16, 2019, Plaintiff filed a *pro se* Complaint against Defendants alleging a breach of contract on the part of the Defendants as it related to a settlement agreement. ECF No. 1. On October 3, 2019, Defendant, Matthew Golden, filed a Motion to Dismiss arguing this Court lacks subject matter jurisdiction over Plaintiff's claims. ECF. No. 6. On October 7, 2019 Defendant, The Links of Texarkana, filed a Motion to Dismiss for (1) Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (2) Based on Release, and (3) Lack of subject matter jurisdiction. ECF No. 7. On October 8, 2019, Defendant, Lindsey Management, filed a similar Motion to Dismiss for (1) Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (2) Based on

Release, and (3) Lack of subject matter jurisdiction. ECF No. 8. Plaintiff failed to responded to any of these motions.

**2. Discussion**

Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e. "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332. Pursuant to Federal Rule of Civil Procedure 12(h)(3), a federal court must dismiss a lawsuit where it has no subject matter jurisdiction. A federal court has the responsibility to ensure it has subject matter jurisdiction. *See State of Mo. ex rel. Mo. Highway and Transp. Com'n v. Cuffley,* 112 F.3d 1332, 1334 (8th Cir. 1997) (holding that "subject-matter jurisdiction cannot be waived, and it is our duty to raise the issue sua sponte").

Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. *See* 28 U.S.C. § 1332. Plaintiff's Complaint does not support diversity jurisdiction, as both Plaintiff and Defendant Matthew Golden are residents of the State of Texas.

Federal district courts also "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. As previously stated, Plaintiff alleges a cause of action based on a breach of contract. ECF. No. 1. This claim does not involve the existence of a federal question.

**3. Conclusion**

Based upon the foregoing, this Court recommends Defendant Matthew Golden, (ECF No. 6), The Links of Texarkana, (ECF No. 7), and Lindsey Management (ECF No. 8) Motions To Dismiss be **GRANTED.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 28th day of October 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE